HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA OLSON, a single woman

Plaintiff,

v.

SEPTODONT, INC., BURKHART DENTAL, INC., REEVE BURKHART DENTAL SUPPLY COMPANY, AND JOHN DOES 1-5,

Defendants.

NO. C07-5355 RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

This matter comes before the Court on Plaintiff Angela Olson's Motion to Remand to the Superior Court of Washington. The court has considered this motion [Dkt. #14], Defendant Septodont's Notice of Removal [Dkt. #1], Septodont's opposition to the motion to remand [Dkt. #1], Defendant Burkhart's joinder in Septodont's opposition [Dkt. #19], the Plaintiff's reply to Septodont and Burkhart's opposition [Dkt. #22], and the entirety of the records and files in this case. For the reasons set forth below, the Court GRANTS the Plaintiff's Motion to Remand.

BACKGROUND

This lawsuit arose out of a routine dental procedure performed by Dr. Albert Bird, DDS, on Ms. Angela Olson on August 28, 2003. Dr. Bird administered a new dental anesthetic, Septocaine, in order to replace two of Ms. Olson's fillings [Dkt. #1-8]. Within approximately one week, Ms. Olson alleges that she

began to experience permanent partial facial paralysis in the right side of her face. Ms. Olson brought a dental malpractice action against Dr. Bird which settled before trial [Dkt. #12-2].

On August 25, 2003, Ms. Olson filed this lawsuit against Septodont and Burkhart Dental, Inc. (hearafter, Burkhart) in the Superior Court of Pierce County [Dkt. # 1-8]. Septodont, a Delaware corporation, manufactures Septocaine, and Burkhart, a Washington corporation, markets and distributes the anesthetic. *Id.* In her complaint, Ms. Olson brought two causes of action against Septodont and one cause of action against Burkhart under the Washington State Products Liability Act (hereafter, WPLA). *Id.* She also alleged that each defendant violated the Washington State Consumer Protection Act, (hereafter, WCPA) and committed the tort of outrage. *Id.*

Ms. Olson was trying to schedule depositions of Burkhart representatives [Dkt. #14] when Burkhart answered one of her interrogatories with a declaration by Dr. Bird on June 29, 2007 [Dkt. #1]. Based on that declaration, Septodont filed a Notice of Removal to this Court on July 18, 2007. *Id.*

Despite the apparent lack of diversity, Septodont argues that removal is proper on the basis that Burkhart was fraudulently joined because the complaint, read in conjunction with Dr. Bird's declaration, fails to support any cause of action against Burkhart [Dkt. #1].

On July 26, 2007, Burkhart filed a Motion for Summary Judgment against Ms. Olson in this Court [Dkt. #6]. Then, on July 30, 2007, Burkhart sent a letter to Ms. Olson stating that all discovery was stayed because of the removal [Dkt. #12-2, Ex.E].

On August 13, 2007, Ms. Olson filed a Motion to Strike Burkhart's summary judgment motion for lack of subject matter jurisdiction [Dkt. #12]. On August 16, 2007, Ms. Olson objected to the removal and filed a Motion for Remand because she maintains that she pled colorable state claims against Burkhart [Dkt. #14]. Furthermore, Ms. Olson alleges that the removal was procedurally defective because it was based on a declaration produced by Burkhart. *Id.*

DISCUSSION

Any civil action brought in state court is removable if it might have originally been brought in federal court. 28 U.S.C. § 1441(a). For a civil action to be brought in federal court, the court must have subject matter jurisdiction. Under 28 U.S.C. § 1332, a court has federal subject matter jurisdiction if (1) the amount in controversy is greater than $75,000; and, (2) the civil action is between citizens of different

states. *Id.*

Federal courts strictly construe their limited jurisdiction. *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is a strong presumption against removal jurisdiction: federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines at any time that it does not have subject matter jurisdiction, the action must be remanded back to state court. 28 U.S.C. 1447(c).

The defendant bears the burden of showing that removal to federal court was proper. *California ex. rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Therefore, the defendant must show that the court has federal jurisdiction and that the defendant has complied with the procedural requirements of removal. *See id*.

Ms. Olson does not dispute that the amount in controversy exceeds $75,000. However, Ms. Olson filed a motion for remand based on lack of diversity and on a procedural defect of removal.

**1. Diversity based on fraudulent joinder**

Diversity requires that each plaintiff be a citizen of a different state from each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). However, if a non-diverse defendant has been "fraudulently joined," then that party's presence is ignored when the court determines the existence of diversity. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

"Fraudulent Joinder" is a term of art. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a cause of action against that defendant and that failure is obvious according to the settled laws of the state. *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined. *Id.*[1] Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th

---

[1] Defendant Septodont provided a quote from *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) allowing for the reliance on affidavits and deposition testimony. This quote was not found by the Court.

Cir. 1944).

Septodont cannot meet its high burden to show that Ms. Olson obviously failed to state a claim under settled Washington law. Ms. Olson has pled a colorable claim under RCW 7.72.040, which is enough to show that Burkhart was not fraudulently joined.

First, Septodont has not shown that Ms. Olson has no possible claim under RCW 7.72.040(2). Under RCW 7.72.040(2)(a-b), a product seller must be held liable if (1) the manufacturer is insolvent; or, (2) if the court determines that it is highly probable that the claimant would be unable to enforce a judgment against the manufacturer. *Id.* Septodont has not produced facts to prove that it is not insolvent nor that Ms. Olson would be able to enforce a judgment against them if she prevailed on one of her claims.

Second, Septodont has not shown that Ms. Olson does not have a colorable claim under RCW 7.72.040(1). Under this provision, a product seller can be liable only if the claimant's harm was proximately caused by the product seller's (1) negligence; (2) breach of an express warranty; or, (3) intentional misrepresentation or intentional concealment of facts about the product. *Id.*

Septodont argues that Burkhart could not be the proximate cause of Ms. Olson's harm because Burkhart was a "mere conduit" in the chain of distribution. However, while the court in *Martin* stated that a product seller is less likely to be found negligent when it acts more like a "mere conduit," it did not state that a finding of negligence was precluded against the product seller acting as a "mere conduit." *See Martin v. Schoonover*, 13 Wn. App. 48, 54 (1975).

Furthermore, Septodont argues that Burkhart could not be liable under the negligence theory of the WPLA because Burkhart did not owe a duty to Ms. Olson. First, a product seller has "a duty to exercise reasonable care to ascertain patent defects which are dangerous to human life." *Martin*, 13 Wn. App. at 56. Second, the "learned intermediary" doctrine does not dissolve the duty of a product seller. Under that doctrine, a pharmaceutical manufacturer or seller has fulfilled its duty to a patient if the manufacturer or seller adequately warned the patient's physician of the risks. *Estate of LaMontagne v. Bristol-Myers Squibb*, 127 Wn. App. 325, 345 (2005). Burkhart's duty to Ms. Olson was to adequately warn Dr. Bird of Septocaine's risks. Dr. Bird's statement that he relies on his own knowledge and that he had one substantive conversation with the sales representative does not establish, as a matter of law, that Burkhart adequately warned Dr. Bird. Third, Septondont relies on *McKee*, in which the court held that pharmacists

did not have a duty to provide the manufacturer's package inserts to pharmaceutical consumers. *McKee v. American Home Products, Corp.*, 113 Wn. 2d. 701, 718 (1989). McKee is distinguishable because, in that case, pharmacists sold the drug after the physician prescribed it, whereas, Burkhart made representations to Dr. Bird before Dr. Bird decided to use it on Ms. Olson.

At the very least, Ms. Olson has a colorable claim against Burkhart under Washington's Products Liability Act. Consequently, Burkhart was not fraudulently joined and the parties are not considered diverse for the purpose of establishing federal subject matter jurisdiction. Therefore, Plaintiff's Motion to Remand is GRANTED.

**2. Compliance with proper procedure for removal**

Because the Court has determined Burkhart was not fraudulently joined, the Court does not reach the issue of whether the removal was procedurally correct.[2]

CONCLUSION

Plaintiff's Motion to Remand [Dkt. 14] to Pierce County Superior Court is GRANTED. Because the Court has determined that it lacks jurisdiction, Burkhart's Motion for Summary Judgement [Dkt. #6] will not be addressed.

IT IS SO ORDERED this 20th day of September, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[2] Plaintiff quoted relevant law on this issue from *California v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) However, Plaintiff should take care not to quote the law in a way that alters the court's holding.